UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ARCHIE HEMENWAY,

    Plaintiff,

v.                                                Case No. 1:18-cv-219

COMMISSIONER OF SOCIAL              Hon. Ray Kent
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of October 11, 2011. PageID.308. Plaintiff identified his disabling conditions as: cannot read; cannot write; permanent nerve damage in back muscle; pre-existing hernia and pain; and back pain. PageID.312. Prior to applying for DIB, plaintiff completed the 12th grade and had past employment as a fork lift driver, general laborer, and door assembler. PageID.48, 314. An Administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on July 19, 2017. PageID.38-50. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

    I.       **LEGAL STANDARD**

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42

U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe

impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 11, 2011 through his date last insured of December 31, 2016. PageID.40.

At the second step, the ALJ found that through his date last insured, plaintiff had severe impairments of borderline intellectual functioning, chronic lower back pain, and history of inguinal hernia repair. PageID.40. At the third step, the ALJ found that through his date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.41.

3

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except for the following limitations. He could occasionally operate foot controls with left foot. The claimant could frequently climb ramps and stairs, and occasionally climb ladders, ropes, or scaffolds. He could occasionally balance, stoop, and crouch. He was limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks, but not at a production rate pace (e.g., assembly line work). He was able to engage in no more than occasional decision-making and be exposed to no more than occasional changes in job setting. The claimant required instructions to be communicated orally or by demonstration.

PageID.43-44. The ALJ also found at the fourth step that plaintiff is unable to perform any past relevant work. PageID.48. Plaintiff is also illiterate but is able to communicate in English. PageID.48.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.49-50. Specifically, the ALJ found that plaintiff could perform the requirements of work in the national economy including cleaner/housekeeper (556,000 jobs), garment sorter (51,000 jobs) (reduced to eliminate hourly production rate), and dishwasher (101,000 jobs) (performed at medium exertional level, but 20% of these jobs are performed at the light level). PageID.49. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from October 11, 2011 (the alleged onset date) through December 31, 2016 (the date last insured). PageID.50.

### III. DISCUSSION

Plaintiff set forth three issues on appeal.

**A. Did the ALJ commit error by not fully evaluating plaintiff under Listing 12.05?**

4

Plaintiff contends that he met the requirements of Listing 12.05B. Upon further reflection, plaintiff withdrew this contention. *See* Reply Brief (ECF No. 17, PageID.773).

**B. Did the ALJ commit error by relying on a patent error in the Work Activity Questionnaire supplied by the former employer without explanation?**

The ALJ reviewed a work activity questionnaire completed by plaintiff's former employer. PageID.45, 395-397. Plaintiff takes issue with a sentence in the ALJ's decision related to this questionnaire:

> While the claimant's former employer acknowledged that the claimant performed at eighty percent or less than other employees' production and required extra help, he also noted that the claimant was able to complete his required duties without special assistance.

PageID.45. Plaintiff contends that this statement contradicts the form upon which the ALJ was relying on. Plaintiff's Amended Brief (ECF No. 16, PageID.769-770).

This sentence appears in the context of the following paragraph in which the ALJ addressed plaintiff's residual functional capacity (RFC):

> The claimant's borderline intellectual functioning, while limiting, was not totally disabling. While the claimant has reading and writing deficits, he does not have more than moderate limitations in his [sic] the paragraph B domains noted above, suggesting a degree of autonomy. While IQ testing in February 2015 and February 2016 noted a Full Scale IQ of 69, the claimant maintained the ability to persist at tasks (Exhibit 8F/5; 17F/l). In February 2015, the psychological consultative examiner indicated that the claimant appeared to have a fair degree of autonomy (Exhibit 8F/3). He also indicated that the claimant had no issues with simple division, addition, or multiplication (Exhibit 8F/3, 4). Additionally, the claimant noted that he is a hands on learner, and would do well if someone showed him what he should do (Exhibit 8F/1). *Further bolstering the finding that the claimant was not precluded from all work by his intellectual functioning is a questionnaire from his former employer (Exhibit 21E/l). While the claimant's former employer acknowledged that the claimant performed at eighty percent or less than other employees' production and required extra help, he also noted that the claimant was able to complete his required duties without special assistance (Exhibit 21 E/1). He further noted that the claimant was a hard worker and tried to make up for some of his learning deficits with extra effort (Exhibit 21 E/3)*. I note that the claimant's past work was described as a production line worker, and the

> claimant testified that this work required fast paced work putting screws in doors on the production line (Exhibit 21E/l; Hearing Testimony). The evidence suggests that the claimant is not totally precluded from basic work activity due to his intellectual functioning, and that he would be able to perform at a greater level of productivity with work that did not require production rate pace such as assembly line work.

PageID.45 (emphasis added).

Plaintiff's contention is without merit. The ALJ did not misconstrue the form. Rather, he reviewed the form along with other portions of the administrative record. "The ALJ has the power and the discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Lusk v. Commissioner of Social Security*, 106 Fed. Appx. 405, 411 (6th Cir. 2004). It is the Commissioner's function to resolve conflicts in the evidence. *Craft v. Commissioner of Social Security*, 39 Fed. Appx. 274, 276 (6th Cir. 2002). Accordingly, plaintiff's claim of error is denied.

### C. Did the ALJ commit error by failing to incorporate the questionnaire that he elicited from plaintiff's former employer and fail to present it to the vocational expert (VE)?

Plaintiff contends that the ALJ's hypothetical question was flawed. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. A hypothetical question need only include those limitations which the ALJ accepts as credible. *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990). "[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his

hypotheticals." *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118 (6th Cir. 1994).

Here, plaintiff contends that the ALJ failed to incorporate a portion of the former employer's questionnaire into the hypothetical question. Specifically, the employer's answer to the productivity question. The question posed on the form was, "Based on the information above, approximately how would you rate productivity of the employee compared to other employees in similar positions and similar pay rates?". PageID.396. The employer checked the box with the following answer, "80% or less of other employees' productivity." PageID.396. Plaintiff contends that this answer translates into plaintiff being off task for 20% of time and that the VE testified that if this was the case, plaintiff was totally disabled. Plaintiff's Amend. Brief at PageID.770-771; VE Testimony at PageID.140-141. The former employer's answer to the question did not state that plaintiff was "off task" during 20% of the workday. Rather, the answer stated that plaintiff's productivity amounted to 80% or less than other employees. As the government noted, "Mr. Brenneman [plaintiff's former employer] never stated that Plaintiff was off task, merely that he was less efficient than other employees." Defendant's Brief (ECF No. 14, PageID.759); Work Activity Questionnaire (PageID.395-397). Accordingly, plaintiff's claim of error will be denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 25, 2019 /s/ Ray Kent
United States Magistrate Judge

7